UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL L. WATSON,<br>           Plaintiff, | Case No. 21-cv-<br>Hon. |
| vs. | |
| CITY OF DETROIT,<br>P.O. JUSTIN MALEK,<br>P.O. YUSEPH ELZEIN,<br>in their official and individual capacities,<br>jointly and severally,<br>           Defendants. | |

_____/

### COMPLAINT AND DEMAND FOR JURY

**NOW COMES** your **Plaintiff MICHAEL L. WATSON,** by and through his counsel, **THE CROMER LAW GROUP PLLC** and for his Complaint against the above-named Defendants, states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331 because it arises under the Constitution and laws of the United States, including but not limited to 42 U.S.C. Sec. 1983.

### VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b) because all Defendants reside in the Eastern District of Michigan and a substantial part, if

not all, of the events giving rise to the claims raised herein, occurred in the Eastern District of Michigan.

## PARTIES

3. At all pertinent times, **Plaintiff, MICHAEL L. WATSON** (hereinafter "Plaintiff" or "Watson") was a resident of Wayne County, Michigan and a citizen of the United States.

4. **Defendant P.O. JUSTIN MALEK** (hereinafter "**MALEK**") at all times relevant herein, was an agent/employee of Defendant CITY OF DETROIT, and that on the date(s)/time(s) relevant herein, he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant CITY OF DETROIT. Defendant MALEK is also sued in his individual capacity. Upon information and belief, Defendant MALEK is a resident of Wayne County, Michigan.

5. **Defendant P.O. YUSEPH ELZEIN** (hereinafter "**ELZEIN**") at all times relevant herein, was an agent/employee of Defendant CITY OF DETROIT, and that on the date(s)/time(s) relevant herein, he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant CITY OF DETROIT. Defendant ELZEIN is also sued in his individual capacity. Upon information and belief, Defendant ELZEIN is a resident of Wayne County, Michigan.

6. **Defendant CITY OF DETROIT** (Defendant "**CITY OF DETROIT**") is a municipal public corporation created and established under the Constitution, laws and statutes of the State of Michigan.

7. For all times relevant hereto, Defendant CITY OF DETROIT had supervision of and control of the City of Detroit Police Department and all employees and agents thereof, including Defendants MALEK and ELZEIN, and was directly responsible for the creation, implementation and continuation of policies, rules, and/or regulations.

8. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983, and other applicable state and/or federal law, to redress the denial of rights and privileges under the United States Constitution and the Amendments thereto, including but not limited to, the Fourth Amendment.

9. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00) and is otherwise within this Court's subject matter jurisdiction.

## GENERAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

11. On or about April 8, 2019, Plaintiff Michael L. Watson and his friend were approached by Defendant Detroit Police Officers MALEK and ELZEIN on a residential street in the City of Detroit.

12. Plaintiff and his friend were standing next to Plaintiff's car when the officers drove up.  Plaintiff was wearing an untucked shirt.

13. The defendant officers exited their car, walked up to the Plaintiff and then one officer said to Plaintiff:  "Got ID on you?"

14. Plaintiff said "Yes."

15. A defendant officer then reached over, pulled up Plaintiff Watson's untucked shirt and seized heretofore, an otherwise invisible pistol from his waistband.

16. <u>Only thereafter</u>, did a defendant officer ask Plaintiff Watson "Got a CPL?"

17. Detroit City Code provision Sec. 38-1-1-3, provides in relevant part:

    Loitering - Generally

    (a)  It shall be unlawful for any person to liter on any street, sidewalks, overpass or public place.  For the purpose of this section, loitering is defined as the act of standing or idling in or about any street, sidewalk, overpass or public place so as to hinder or impede or tend to hinder or impede the passage of pedestrians or vehicles.

    (b)  A person who violates this section shall be liable for a civil infraction….

18. In the instant cause, defendant officers were wearing City of Detroit police department issued body camera/microphone equipment that captured the entire encounter in question.

19. That the video established the street had *no* other vehicular traffic or any sidewalk pedestrian traffic.

20. Plaintiff and his friend *did not* hinder or impede or tend to hinder or impede the passage of any vehicles, including that of the defendant officers.

21. In fact, there were *no other moving vehicles* on the street at the time that the defendant officers encountered Plaintiff and his friend on the street.

22. That defendant officers Elzein and Malek pulled up in their squad car alongside Plaintiff's car, walked over, and then immediately pulled up Plaintiff's shirt revealing a pistol, and seized the same.

23. Prior to immediately pulling up Plaintiff's shirt, *neither* defendant officer asked if he had a gun or a CPL.

24. That *neither* defendant officer had any prior encounters or other interactions with Plaintiff before the April 8, 2019 arrest and thus, *did not know* whether Plaintiff had a criminal record and/or open warrant.

25. That *neither* defendant officer prior to immediately pulling Plaintiff's shirt up, conducted a pat-down or frisk before the search.

26. That *neither* defendant officer had received any information from dispatch that there was a suspicion of criminal activity or a gun in the neighborhood that afternoon.

27. The defendant officers claim that they saw a bulge under the left side of Plaintiff's untucked shirt.

28. Michigan Compiled Laws Sec. 750.227 states that a person shall not carry concealed pistol without a license to carry the pistol.

29. Michigan Compiled Laws Sec. 28.425(f) states that a person licensed to carry a concealed pistol:

    1. Shall have his license (CPL) at all times when he is carrying a concealed pistol.

    2. Shall, <u>upon request by that Police officer</u>, show his CPL license and his driver's license to the Police Officer

    3. <u>Who is stopped by a Police Officer</u>, shall immediately disclose to the Police Officer that he is carrying a concealed pistol.

    (emphasis added).[1]

30. In the instant case, there was not even a traffic stop.

31. There is *no* evidence that what occurred on April 8, 2019 and as alleged herein, was a consensual encounter or a consensual search before the defendant officer(s) search and seizure of the Plaintiff.

32. Plaintiff was arrested and taken to jail where he served over five (5) months behind bars for the instant encounter with defendant officers.

33. Plaintiff was charged with state and federal criminal charges as a result of the arrest by defendant officers and had to defend against the same, incurring attorney fees, costs and other damages associated therewith.

---

[1] At the time of the seizure, the Plaintiff had neither been asked by either the defendant officers if he was carrying a concealed weapon, nor been requested by a Police Officer to show his concealed piston license, nor had Plaintiff been "stopped" by a Police Officer. The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government.  U.S. Constitution Amendment IV. Fourth Amendment protections extend to brief investigatory stops that fall short of traditional arrests.  *Terry v. Ohio,* 392 U.S. 1, 19 (1968); *U.S. v. Smith,* 594 F.3d 530, 535 (6th Cir. 2010). A traffic stop is also a "seizure" within the meaning of the Fourth Amendment.  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

34. Plaintiff remained incarcerated until federal Judge Paul D. Borman dismissed the federal criminal indictment against him because of an illegal search and seizure by the defendant officers.

## COUNT I
## VIOLATION OF 42 U.S.C. SEC. 1983
## DEFENDANTS CITY OF DETROIT, MALEK and ELZEIN

35. Plaintiff realleges and incorporates by reference all of the preceding Paragraphs, as if fully set forth herein.

36. Defendants MALEK, ELZEIN and the CITY OF DETROIT, through the below described acts, omissions, customs, policies, and/or practices, caused Plaintiff to be deprived of his rights and privileges under the United States Constitution, as enumerated below:

   a. By failing to properly and/or adequately train, evaluate, supervise, investigate, review and/or discipline the officers, employees and/or agents under their supervision to ensure that said individuals did not violate Plaintiff's personal Fourth Amendment right to be secure against an unreasonable seizure and search, or otherwise deprive said Plaintiff and similarly situated citizens of their constitutional rights, despite the knowledge that such training, evaluation, supervision, investigation, review and/or discipline was necessary.  Such failures include, but are not limited to, the failure to properly train the officers, employees and/or agents under their supervision as to the proper and/or constitutional way

to conduct reasonable seizures and searches of persons potentially carrying concealed weapons.

b.     By effectively causing, condoning, ratifying and/or acquiescing in the intentional, willful and wanton, reckless and/or deliberately indifferent acts, omissions and/or constitutional violations of its officers, employees and/or agents, including but not limited to the individually named defendant officers.

c.     By failing to properly investigate the misconduct and/or unconstitutional acts of the officers, employees and/or agents under their supervision and control, when review of the same would have revealed that the instant defendant officers clearly violated Plaintiff's well established constitutional right to free from unreasonable and/or unconstitutional search and/or seizure.

d.     Fabricating evidence to create probable cause against Plaintiff in violation of his Fourth Amendment rights; condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing arrest without reasonable suspicion and/or probable cause, and the prosecution of individuals absent the same;

e.     Wrongfully detaining, searching, handcuffing and arresting Plaintiff in violation of his Fourth Amendment rights;

f.     Causing and maintaining false arrest, imprisonment, prosecution and abuse of process;

    g.    Intentionally causing serious emotional distress;

37. Through the above detailed policies, practices and customs, all of which existed prior to the complained of injuries and post, show the Defendants deliberate indifference to the probability of the Plaintiff and/or citizens similarly situated, being deprived of their rights and privileges under the United States Constitution and the same was the moving force behind the violations of Plaintiff's constitutional rights, as alleged herein.

38. As a direct and proximate cause of the above detailed policies, practices and customs, including the acts and/or omissions of the individually named defendant officers, the Plaintiff suffered injuries and damages including, but not limited to:

    a.    Economic damages, past and future;

    b.    Pain and suffering, physical injury;

    c.    Loss of society and companionship;

    d.    Fear, anxiety, humiliation, and shame;

    e.    Serious emotional distress; and

    f.    Cost of past and future medical and other associated fees,

including but not limited to legal costs/fees/expenses, so unnecessarily incurred as a result of Plaintiff's wrongful arrest and prosecutions.

39. As a direct and proximate result of the Defendants actions and/or omissions, Plaintiff suffered injury and damages including, but not limited to those set forth herein.

**WHEREFORE**, your Plaintiff claims judgment against the Defendants in the amount of Seventy-Five Thousand Dollars ($75,000.00) which is fair and just and consistent with the law and evidence as shall be determined, together with interests, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowed by law.

## JURY DEMAND

**NOW COMES** your Plaintiff and demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

**/s/ Ronnie E. Cromer, Jr.,**
RONNIE E. CROMER, JR. (P59148)
The Cromer Law Group PLLC
Attorney for Plaintiff
24901 Northwestern Hwy. Ste. 612
Southfield, MI 48075
248-809-6790 (office)
248-587-7344 (fax)
rcromerjr@thecromerlawgroup.com

Dated: December 31, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2021, I electronically filed the foregoing paper with the Clerk of the Court using ECF system, which will send notice of said filing to all attorneys of record.

Respectfully submitted,

**/s/ Ronnie E. Cromer, Jr.,**

                                            RONNIE E. CROMER, JR. (P59148)
                                            The Cromer Law Group PLLC
                                            Attorney for Plaintiff
                                            24901 Northwestern Hwy. Ste. 612
                                            Southfield, MI 48075
                                            248-809-6790 (office)
                                            248-587-7344 (fax)
                                            <u>rcromerjr@thecromerlawgroup.com</u>

Dated: December 31, 2021